IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                        Case No. 6:16-cr-60026

GARY TODD TAYLOR                                                      DEFENDANT

## **ORDER**

Before the Court is *pro se* Defendant Gary Todd Taylor's Motion for Early Termination of Probation. (ECF No. 24). The Government has filed a response. (ECF No. 25). The Court finds the matter ripe for consideration.

On February 9, 2017, Defendant plead guilty to one count of Possession of Stolen Mail, in violation of 18 U.S.C. § 1708. On August 1, 2017, the Court sentenced Defendant to two years of probation and ordered Defendant to pay $100.00 in restitution and a $100.00 special assessment. Defendant's term of probation is scheduled to end on August 1, 2019.

Defendant requests early termination of his probation term, citing his good behavior since his sentencing. Defendant states that he has served over one year of his two-year probation term, and that he has complied with his probation officer. Defendant also states that he has followed all federal, state, and local laws and paid back his restitution.

The Government objects to early termination of Defendant's probation term, arguing that Defendant's compliance with the terms of his sentence is not enough to support early termination. The Government argues further that Defendant has failed to identify any serious impediments which he faces due to remaining on probation. The Government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") has advised the Court that it recommends

that Defendant's motion be granted. USPO states that Defendant was supervised for nine months presentencing and has currently served fourteen months of the two-year probation term. During this time, Defendant has maintained full-time employment and has had no issues of noncompliance. Moreover, USPO recommends that the motion be granted at this time due to the nature of the instant offence, as well as Defendant's lack of criminal history and Defendant's genuine remorse for his past conduct.

A district court may terminate probation "if it is satisfied that such action is warranted by conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

The Court takes note of the Government's objection to early termination of Defendant's probation. However, upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 24) should be and hereby is **GRANTED** due to the nature of the instant offense, Defendant's lack of criminal history, and the amount of time he has been supervised on probation.

**IT IS SO ORDERED**, this 17th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge